UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHARLES NOONAN, | ) | Civil Action No.: 4:08-cv-2433-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| STOCK BUILDING SUPPLY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.     INTRODUCTION**

In this case, Plaintiff asserts claims for breach of contract and wrongful termination in violation of public policy. Presently before the Court is Defendant's Motion to Dismiss (Document # 5). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

**II.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Plaintiff alleges that he suffers from a serious heart condition that requires him to see a physician once a month. Complaint at ¶¶ 8-9. Plaintiff alleges that he began his employment with Defendant on May 10, 2004, and that Defendant was aware of his serious heart condition. Id. at ¶¶ 10-11. He further alleges that his performance was not affected by his heart condition. Id. at ¶ 12. Plaintiff alleges that after one of his monthly appointments with his physician, about which he notified his supervisor, he was terminated. Id. at ¶¶ 15-17, 21. Plaintiff asserts that he and Defendant entered into a verbal agreement allowing Plaintiff to go to his physician on a monthly basis. Id. at ¶ 23. Plaintiff alleges that Defendant terminated him in violation of that verbal

agreement and in violation of a clear mandate of public policy, and he asserts causes of action for breach of contract and wrongful termination.  Id. at ¶¶ 24, 26.

In 2006, Plaintiff brought an action against the same Defendant based on the same facts set forth above.  See Noonan v. Stock Building Supply, C.A. No. 4:06-cv-3448-RBH-TER (2006 case) (attached to Defendant's Motion to Dismiss as Ex. A).  In the 2006 case, Plaintiff asserted a cause of action for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. 20001, et seq.  See Document # 1 in 2006 Case.  Defendant filed a Motion to Dismiss, arguing that Plaintiff did not timely file his Complaint within 90 days of receipt of the Dismissal and Notice of Rights from the EEOC.  See Document # 5 in 2006 case.  Plaintiff did not file a Response to the Motion, even after the undersigned entered an Order, after the original response time had lapsed, directing Plaintiff to file a Response within five days.  See Document # 6 in 2006 case.  Thereafter, the undersigned entered a Report and Recommendation recommending that the case be dismissed as untimely and for failure to prosecute.  See Document # 7 in 2006 case.  Plaintiff did not file an Objection to the Report and Recommendation.  The district judge adopted the Report and Recommendation and dismissed the case with prejudice.  See Document # 8 in 2006 case.

**III.     STANDARD OF REVIEW**

Defendant brings its motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P.  A motion to dismiss under Rule 12 tests the sufficiency of the complaint.  It does not resolve conflicts of facts.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  It does not resolve conflicts of facts or the merits of the claim.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In considering a motion to dismiss, the factual allegation in the

complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir.1993). When entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact. Andrews v. Daw, 201 F.3d 521, 524 (4th Cir.2000).

**IV.    DISCUSSION**

Defendant moves to dismiss the present action based on res judicata grounds. "Res judicata is applied to prevent the re-litigation of claims, and thus prevent the unsettling of a prior judgment, whether by increasing or decreasing the award or by reversing the result." Heckert v. Dotson, 272 F.3d 253, at 258 (4th Cir. 2001). As stated by the Fourth Circuit,

> Under the res judicata principles, a prior judgement between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication. The doctrine of res judicata encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel. The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgement in the prior action bars litigation 'not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented.' However issue preclusion is more narrowly drawn and applies when the later litigation arises from a different cause of action between the same parties. Issue preclusion operates to bar subsequent litigation of those legal and factual issues common to both actions that were 'actually and necessarily determined by a court of competent jurisdiction in the first litigation.' Thus, while issue preclusion applies only when an issue has been actually litigated, claim preclusion requires only a valid and final judgement."

Orca Yachts, L.L.C. v. Mollicam, Incorporated, 287 F.3d 316, 318 (4th Cir. 2002)(internal citations omitted).

Claim preclusion bars the re-litigation of claims that were raised or could have been raised

in prior litigation. However, it does not apply to all claims that were raised or could have been raised in the prior litigation. Claims are barred "only when three elements are satisfied: 1) the prior judgement was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999) (internal citations omitted). The doctrine bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. Brown v. Felsen, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir.1991). In the present case, all three elements of res judicata, or claim preclusion, are satisfied.

First, this court's prior dismissal of Plaintiff's claims constitutes a final adjudication on the merits. Shoup v. Bell & Howard, Co., 872 F.2d 1172, 1181 (4th Cir.1981) (citing Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 561 (5th Cir.1983) (en banc) (holding that dismissal based on the expiration of the statute of limitations is a decision on the merits for purposes of res judicata). See, also, Ellis v. Amex Life Ins. Co., 211 F.3d 935, 937 (5th Cir.2000) ("The dismissal of the Northern District suit [as time-barred] was ... a decision on the merits."); Steve D. Thompson Trucking, Inc., v. Dorsey Trailers, Inc., 870 F.2d 1044, 1046 (5th Cir.1989), reh'g denied, 880 F.2d 818, 819 (5th Cir.1989) ("Our holding today merely stands for the proposition that a dismissal on statute of limitations grounds in federal court is a final adjudication on the merits.").

Additionally, a dismissal on statute of limitations grounds bars not only the untimely claim that was asserted, but also any other claim which, though still timely, is part of the same cause of

action. See Nilsen, 701 F.2d at 562 ("A timebar determination . . . bars not only the stale claim asserted but any others, though themselves still timely, that are part of the same cause of action.").

Second, it is undisputed and is clear from the record that the parties in the present case are identical to the parties in the 2006 case.

Finally, the claims in the present case are based upon the same cause of action involved in the 2006 case. "[T]he appropriate inquiry to determine whether causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation 'arises out of the same transaction or series of transactions as the claim resolved in the prior judgment.'" Pittston, 199 F.3d at 704. "The expression 'transaction' in the claim preclusion context 'connotes a natural grouping or common nucleus of operative facts.'" Id. (citing Restatement (Second) of Judgments § 24 cmt. b). It is appropriate to consider causes of action as identical for claim preclusion purposes when they are related "in time, space, origin, or motivation, and [when] taken together they form a convenient unit for trial purposes." Id. "[A]ll claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." Wilkes v. Wyoming Dep't of Employment, Div. of Labor Standards, 314 F.3d 501, 504 (10th Cir.2003). See also Frank v. Home Depot, U.S.A., Inc., 481 F. Supp. 2d 439, 442 (D. Md. 2007) (finding same cause of action where plaintiff asserted in first suit that the reason for his termination was discriminatory, retaliatory, and against public policy, and asserted in second suit that termination breached an employment contract). Plaintiff's claims in the present case and his claims in the 2006 case arise from his employment with and subsequent termination by Defendant. Thus, claim preclusion bars litigation

of the claims asserted in the present case.[1]

## V. CONCLUSION

For the reasons stated above, it is recommended that Defendant's Motion to Dismiss (Document # 5) be granted and this case dismissed with prejudice.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 30, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**

---

[1] Plaintiff argues that this action is not barred by the 2006 case. However, Plaintiff focuses on the doctrine of issue preclusion, which is "is more narrowly drawn and applies when the later litigation arises from a different cause of action between the same parties," Orca Yachts, 287 F.3d at 318, rather than claim preclusion. Issue preclusion is not applicable here.

-6-