IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Charles Noonan, ) | |
| ) | C.A. No.: 4:08-2433-RBH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| Stock Building Supply, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

This matter is before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). Magistrate Judge Rogers recommends that the defendant's motion to dismiss be granted on the basis of the doctrine of *res judicata*.[1]

In conducting its review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after

---

[1] "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. However, there are exceptions to the rule . . . Specifically, a court may consider official public records . . . so long as the authenticity of these documents is not disputed." *Witthohn v. Federal Ins. Co.*, 164 Fed. Appx. 395 at *396 (4th Cir. 2006)(unpublished)(internal citations omitted), citing *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).

1

review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## *Legal Standard for Motion to Dismiss*

Under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Fed. R. Civ. P.12(b)(6) if it fails to allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298 (4th Cir. 2008), citing *Twombly*, 127 S.Ct. at 1974.

## **LEGAL ANALYSIS**

### *RES JUDICATA*

Under the principles of *res judicata* recognized by the Fourth Circuit, relied upon by the parties and the Magistrate Judge, ". . . a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication ... The doctrine encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel. . Rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented. . .Issue preclusion is more narrow and applies when the later litigation arises from a different cause of action. It operates to bar subsequent litigation of those legal and factual issues common to both actions that were 'actually and necessarily determined by a court of competent jurisdiction' in the first litigation." *In re Varat Enters., Inc*, 81 F.3d 1310, 1315 (4th Cir. 1996). Three factors must be shown for claim preclusion

to apply: 1) the prior judgment was final, on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical or in privity in the two actions; and, 3) the claims in the second matter are based on the same cause of action involved in the earlier proceeding. *Id.*

This action was removed to federal court on the basis of diversity of citizenship. Therefore, it appears that South Carolina state law may be applicable. *See Graves v. Associated Transport, Inc.*, 344 F.2d 894, 896 (4th Cir. 1965). Under South Carolina law, the following elements must be shown in order to establish *res judicata*: "(1) [t]he parties must be the same or their privies; (2) the subject matter must be the same; and (3) while generally the precise point must be ruled, yet where the parties are the same or are in privity the judgment is an absolute bar not only of what was decided but of what might have been decided." *Nunnery v. Brantley Construction Co., Inc.*, 289 S.C. 205, 345 S.E.2d 740, 743 (1986). "For the purpose of applying principles of *res judicata*, a fundamental test used for comparing causes of action is to determine whether the primary right and duty and the delict or wrong are the same in each action." *Id.* "A dismissal 'with prejudice' indicates an adjudication on the merits and . . . precludes subsequent litigation to the same extent as if the action had been tried to a final adjudication." *Id.*

As discussed by the Magistrate Judge, a prior judgment was issued by this Court in *Noonan v Stock Building Supply, Inc.*, C/A #4:06-cv-03448-RBH. The first action was based upon the same facts as the instant case but was filed pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12117. The Magistrate Judge recommended that the case be dismissed on the basis of

timeliness[2] and also for failure to prosecute.[3]  No objections were filed to the Report, so this Court issued an order adopting the recommendation of the Magistrate Judge and dismissing the case with prejudice on the basis of timeliness and also for lack of prosecution. Plaintiff has now filed this action based upon the same facts as the first case but asserting causes of action for breach of contract and wrongful termination in  violation of public policy.

The issue presented here is whether the first factor for a finding of claim preclusion is present, that being that the prior judgment was final, on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process. Plaintiff contends in his objections that the prior case was dismissed for lack of jurisdiction and that his later lawsuit is accordingly not barred.

The Court agrees with the Magistrate Judge's recommendation that the case should be dismissed on grounds of *res judicata*.  The undersigned specified in the order issued in the previous action that the dismissal was "with prejudice".  Therefore, the dismissal was "on the merits" for purposes of claim preclusion. *See also Shoup v Bell & Howell Company*, 872 F.2d 1178, 1180 (4th Cir. 1989)(Where prior case is dismissed on the basis of the statute of limitations, but the judge in the prior case does not specify whether the dismissal is with or without prejudice, such a dismissal will be considered to be with prejudice and "on the merits" for purposes of claim preclusion.)

---

[2] The EEOC issued its "right to sue letter" on June 14, 2006. The plaintiff's Complaint was filed on September 18, 2006 and alleged that the letter was received "on or after June 17, 2006." The Complaint was accordingly filed 93 days after the plaintiff received the letter, after the 90-day deadline. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1).

[3] The plaintiff failed to respond to the Motion to Dismiss and the Magistrate Judge issued an order warning the plaintiff that, if no response was filed, he would recommend that the case be dismissed for failure to prosecute. Still, no response was filed to the motion.

The Court has reviewed the objections, the Report, and the record and adopts the Report and Recommendation of the Magistrate Judge as modified herein.  The defendant's motion to dismiss is **GRANTED**.

**AND IT IS SO ORDERED**.

                                            <u>s/ R. Bryan Harwell</u>
                                            R. Bryan Harwell
                                            United States District Judge

Florence, S.C.
February 5, 2009